IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WEST IMPLEMENT CO., INC.                                                                  PLAINTIFF

VS.                                                                            NO. 2:03cv117-M-D
                                                       CONSOLIDATED WITH NO. 2:04cv136-M-D
                                                                        TO BE FILED IN ALL CASES

DEERE & COMPANY and
DEERE CREDIT, INC.                                                                      DEFENDANTS

AND

DEERE & COMPANY                                                                          PLAINTIFF

VS.                                                                                  NO. 2:04cv136-M-D

REX MORGAN, DUKE MORGAN,
ALLEN MORGAN, JEFF MORGAN,
NOEL MORGAN, MORGAN BROTHERS PARTNERSHIP,
MORGAN FARMS PARTNERSHIP,
MORGAN BROTHERS, INC., and
WEST IMPLEMENT CO., INC.                                                                DEFENDANTS

**<u>ORDER</u>**

This cause comes before the court on the motion of Deere & Company for attorney's fees. The court also has before it West Implement Company's motion for the court to reconsider its prior order on the subject of attorney's fees. Having reviewed the submissions of the parties, the court is now prepared to rule.

In its motion, West argues that the Mississippi Supreme Court in *Mississippi Power & Light Company v. Cook,* 832 So. 2d 474 (Miss. 2002) "held in no uncertain terms that if no punitive damages are awarded by the jury, then attorney's fees may not be awarded by the trial

judge." However, as noted in the court's prior order, the aforementioned language in *Cook* was by no means expressed in terms of an express holding, but merely provided instructions to the trial court in the event that a remittitur was not accepted. There is no indication whatsoever that the Supreme Court in *Cook* sought to issue any generally applicable holding at all, much less overrule or severely limit a prior express holding in an opinion which the court failed to even mention. Moreover, as discussed *infra*, the interpretation of *Cook* offered by West runs counter to well-established insurance bad faith jurisprudence in this state.

The only explicit Mississippi Supreme Court holding, and the only binding law on this issue of which this court is aware, was that set forth by the Supreme Court in *Aqua-Culture Technologies, Ltd. vs. Holley*, 677 So.2d 171, 185 (Miss. 1996). In *Holley*, the Mississippi Supreme Court held that

> [t]his Court's holding in *Greenlee* and other cases was that attorney fees may be awarded in cases in which the awarding of punitive damages is *proper.* This Court did not hold in *Greenlee* that the actual awarding of punitive damages was a prerequisite for the awarding of attorney fees, and **we expressly hold here that such an actual awarding of punitive damages is not a prerequisite for the awarding of attorney fees.**

*Id* at 185 (emphasis added). Faced with this adverse authority, West argues that the Mississippi Supreme Court intended the aforementioned language to only be applicable to bench trials. However, this distinction exists only in West's imagination, for nothing in the actual holding of *Holley* indicates that it is applicable only to bench trials.[1]

---

[1] Moreover, even assuming that there is arguably some distinction to be made on this basis, this court would note that, in its view, West did in fact commit misconduct which would justify the imposition of punitive damages. Indeed, as noted previously, West's argument before the jury on this issue was not that it committed no such misconduct, but, rather, that it had already been adequately punished by the imposition of compensatory damages.

It is also apparent that West understates the extent to which the Mississippi Supreme Court has awarded attorney's fees absent statutory or contractual authority supporting such. Indeed, West argues in its brief that it "has been unable to locate any Mississippi case which awarded attorney's fees absent statute or contractual authority where a jury has refused to impose punitive damages." West obviously overlooks the well-known and frequently cited *Veasley* doctrine, set forth in the 1992 decision of *Universal Life Ins. v. Veasley*, 610 So.2d 290, 295 (Miss. 1992). In *Veasley*, the Mississippi Supreme Court held that, even in the absence of bad faith justifying punitive damages, an insurance company may be liable for attorney's fees and other actual damages, in cases where the insurer denied a claim without arguable basis. *Id*.

The *Veasley* doctrine has been cited as binding authority as recently as the 2004 decision of *Sports Page Inc. v. Punzo*, 2004 WL 2663151 (Miss. App. 2004)*,* wherein the Mississippi Court of Appeals specifically noted a *second* basis upon which the Supreme Court has permitted the award of attorney's fees. Specifically, the Court of Appeals in *Sports Page* wrote as follows:

> The *Garner v. Hickman,* 733 So.2d 191 (Miss.1999) decision held that, given the circumstances, attorney's fees may be awarded even in the absence of actions that would have given rise to punitive damages. The "circumstances" spoken of in *Garner* are those that would support a claim under the Litigation Accountability Act of 1988, Miss.Code Ann. § 11-55-5 (Rev.2002), or damages under *Veasley.*

*Sports Page* at 9. Contrary to West's arguments, the Mississippi Supreme Court has been more than willing to recognize situations in which the awarding of attorney's fees is appropriate, even absent contractual or statutory authority supporting such.

It should also be apparent that the continued applicability of the *Veasley* doctrine renders

West's interpretation of the *Cook* decision patently erroneous. *Cook* was, like *Veasley*, a bad faith case, and West's interpretation of the one sentence of dicta in *Cook* would overrule the *Veasley* doctrine in its entirety. West writes in its brief that "[t]he *Cook* opinion could not be any more clear in holding that if a jury refuse[s] to award punitive damages attorney's fees may not be awarded." In reality, Mississippi law as stated in *Veasley* could not be clearer that attorney's fees *can* be awarded in insurance bad faith cases even absent conduct justifying punitive damages. West would have the one sentence of (perhaps inartfully phrased) dicta in *Cook* overrule both *Holley* and the frequently re-affirmed *Veasley* doctrine, but such would clearly be improper.

The continued viability of the *Veasley* doctrine also soundly refutes West's arguments that this court has overstepped its bounds in awarding attorney's fees in this case. Indeed, the *Veasley* doctrine permits the awarding of attorney's fees in much broader contexts than those set forth in the *Holley* decision relied upon by this court. That is, *Veasely* permits the recovery of attorney's fees in bad faith cases involving what is essentially a negligent failure to pay a claim by an insurer. In the instant case, by contrast, the court only awarded attorney's fees based upon a jury's finding that West had committed fraud, which is specifically listed in § 11-1-65 as misconduct justifying punitive damages. Mississippi law more than supports this court's decision to award attorney's fees, and West has cited no binding authority in support of its position.[2] The motion to reconsider is therefore due to be denied.

---

[2]In the absence of any authority supporting its position, the court need not address West's remaining arguments in any great depth. West protests that, contrary to this court's opinion otherwise, it genuinely believed that it had a strong legal case against Deere. Even if the court is to accept this assertion as true, the fact remains that this court specifically refused to award Deere

The court now turns to the issue of the amount of attorney's fees to be awarded in this case. In its prior order, the court concluded that an award of attorney's fees was appropriate, based upon analysis which this court need not repeat here.[3] However, the court directed that Deere re-submit a proposed calculation of attorney's fees which did not include the fees incurred in defending West's action against it. The court further directed Deere to exclude from its calculation any fees incurred in prosecuting claims other than its fraud and breach of contract claims, as well as those fees incurred in prosecuting claims against the Morgan Brothers. Having reviewed Deere's revised submissions, the court concludes that Deere has done as well as can reasonably be expected of any party in complying with the court's order.

West argues that Deere should not have included fees incurred at the preliminary injunction hearing in its revised submission, but the court does not agree. The testimony at the preliminary injunction hearing centered primarily upon Deere's allegations of fraud against West, and the court concludes that the fees incurred at this hearing were properly included by Deere in its revised submission. West next protests that some of Deere's timesheet entries do not adequately state whether they were incurred in preparing the fraud claims against West or against

---

attorney's fees incurred in defending West's lawsuit against it. West also protests that its statements made to this court's law clerk regarding settlement were not intended as formal settlement negotiations. Regardless, the fact remains that, in these conversations, Deere showed a much greater willingness to settle its claims than West. If West had truly been interested in settling this case, it seems likely that it would have pursued the extent of Deere's willingness for the parties to each dismiss their claims, even absent express encouragement from this court that it do so.

[3]In response to the court's order, West has elected not to dispute the court's analysis regarding the hourly rate charged by Deere, nor does West argue that the court failed to apply the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) in a proper manner. Indeed, once again, most of the arguments submitted by West relate to Deere's basic right to recover attorney's fees rather than the amount of such fees.

the Morgan Brothers personally. While this may be partially true, the court remains of the view that Deere's counsel have done as well as can reasonably be expected in complying with the court's order.

Clearly, Deere's claims against the Morgan Brothers generally involved the same misconduct as that involved in Deere's claims against West. As such, the distinction between these claims is likely not as clear as this court may have suggested in its prior order. The court is not deluded that there is ever a single "magical" number of attorney's fees in a complex consolidated case such as the present one, but the court does conclude that Deere's revised submission represents a good faith and diligent effort to limit its fees within the parameters of relevant authority. Indeed, Deere's revised submission greatly reduces the amount of attorney's fees sought, from $ 471,150.50 to $ 166,935.00. The court finds the fees sought by Deere to be entirely consistent with Mississippi and Fifth Circuit case law, and Deere's motion [121-1] for attorney's fees is therefore granted, in the amount of $ 166,935.00. Deere's motion to reconsider [138-1] is denied.

So ordered, the 27th day of April, 2005.

                                         **/s/ Michael P. Mills**
                                         **UNITED STATES DISTRICT JUDGE**